UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT E. MILLER,

                    Petitioner,

        v.                                      CAUSE NO. 3:22-CV-164 DRL-MGG

WARDEN,

                    Respondent.

OPINION AND ORDER

Scott E. Miller, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-21-8-33) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of placing fecal matter in an improper location in violation of Indiana Department of Correction Offense 123. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Miller argues that he is entitled to habeas relief because the administrative record did not include physical evidence or photographs but consisted solely of hearsay evidence.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is

not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision."). Hearsay evidence may also be sufficient to satisfy this evidentiary standard. *See Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020) ("Wolf did not testify before the board, so his statements are hearsay, but hearsay is 'some evidence.'").

The administrative record includes a conduct report in which a case manager represented that other inmates told her that Mr. Miller had defecated in a trash can in a hallway near the bathroom. According to the conduct report, Mr. Miller also admitted to defecating in the trash can. Though it relies on hearsay, the conduct report constitutes some evidence that violated Offense 123. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. Miller argues that the issuance of a negative work evaluation related to the defecation incident constituted a violation of his rights under the double jeopardy clause because he had already been issued a conduct report. "[D]ouble jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. Appx. 855, 858 (7th Cir. 2004); *see also Decker v. Bell*, 772 F. Appx. 339, 341 (7th Cir. 2019); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Because the right against double jeopardy does not apply to prison disciplinary proceedings, this claim is not a basis for habeas relief.

Mr. Miller argues that he is entitled to habeas relief because correctional staff did not stamp his administrative appeal documents as received. He maintains that, by declining to stamp these documents, correctional staff failed to comply with departmental policy and denied his ability to appeal at the departmental level. While the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to administrative appeal is not included among them. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding due process protections beyond those provided by *Wolff*). Further, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. Appx. 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

If Mr. Miller wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Scott E. Miller leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

March 4, 2022                                    s/ Damon R. Leichty
                                                 Judge, United States District Court